## CHARLES J. KIMBALL vs. WILLIAM S. McINTOSH.

Essex. Nov. 9, 1882. — March 2, 1883. C. ALLEN, COLBURN & HOLMES, JJ., absent.

Evidence that a son, after the death of his father, lived some of the time in a house with his mother at her request, occupying half of the house, but without any express agreement as to his occupation thereof, and some of the time in another house, both houses being set off to his mother as dower, with certain easements connected therewith, will not warrant a jury in finding that the son had such a right of possession as to entitle him to maintain an action against one interfering with the easements during the life of the mother.

TORT for obstructing a right of way. Trial in the Superior Court, before *Rockwell*, J., who reported the case for the determination of this court, in substance as follows:

The suit was originally brought by Lucy S. Kimball and the present plaintiff. Lucy S. died before trial, and her administrator declined to prosecute.

It was proved or admitted that Charles Kimball, the father of the plaintiff, owned a parcel of land in West Newbury, on which were two dwelling-houses, a barn, shed, and other buildings. At his death, dower was set off to Lucy S., his widow, on April 20, 1859, in one dwelling-house, with "the privilege to it and around it, to pass and repass as may be necessary in order to the full use and enjoyment of the same, and a right to the well by the house for water."

The heirs of Charles Kimball were the plaintiff and John R. Kimball. On June 24, 1859, John R. quitclaimed to the plaintiff all said parcel of land, subject to the dower as set off. On March 16, 1860, the plaintiff conveyed to John R. "one half interest undivided in the property set off as dower." On March 17, 1863, the guardian of the plaintiff petitioned the Probate Court for leave to sell all his ward's real estate. On April 7, 1863, a decree was made granting leave to sell the same; and on May 8, 1863, the guardian conveyed to one Chase the whole of said land, with the following reservations, "reserving the house occupied by Mrs. Kimball, with the privilege for the owners of said house to use the yard around said house equally with said grantee, also the same privilege in the yard front of the barn, also reserving the shed with the land under

it on the easterly end of the barn, with the hennery near it." These are the yards over which the plaintiff claimed a right of way. On March 24, 1865, the guardian made return to the Probate Court that he had published notice of the sale on April 10, 1863. The description in the notice was as follows: "A farm situate on the main road in West Newbury, about one .half-mile from Artichoke River and same distance from church. The farm contains about twenty-five acres of good land, good house, barn and other out-buildings. It was formerly owned by Charles Kimball, and is now owned by Charles J. Kimball. For further particulars apply to Newell Ordway, guardian." On September 11, 1869, Chase conveyed to the defendant all said parcel, without any reservation.

The plaintiff, after his father's death, lived in the house with his mother, Lucy S., for some years, and then moved into the other house, now that of the defendant, and lived there until the sale to Chase. He then moved into the house with his mother again, without any express agreement as to his occupation thereof, and has lived there ever since, occupying one half the house, and his mother occupying the other half. Some seven years before this action, he talked about going elsewhere to live, but his mother said she wanted him to remain there and take care of her as long as she lived. From the time of the deed to Chase until Chase sold to the defendant, the other house was unoccupied. When the defendant came into possession, or shortly after, he put up the obstructions complained of.

The plaintiff testified that his mother used the part of the yard around the house, now separated from the rest of the yard by a fence across the southerly part and a small building, (two of the obstructions complained of,) to lay wood upon and the like, whenever she had occasion, after the death of his father, as that part of the yard had before been used, but he could not remember whether she used it after the conveyance to Chase or not; and that she always occupied the shed and the hennery as long as it stood.

Upon these facts, the judge ruled that the plaintiff could not maintain this action; and directed a verdict for the defendant. If the ruling was correct, the verdict was to stand; otherwise, a new trial to be ordered.

*H. I. Bartlett,* for the plaintiff.

*D. L. Withington,* for the defendant.

FIELD, J. The easements, the obstruction of which is complained of in this action, were either appurtenant to the life estate of the widow, or were appurtenant to the land in which she had a life estate. The plaintiff was tenant in common with John R. Kimball of the reversion, subject to the life estate of his mother. The obstructions complained of do not appear to be an injury to the reversion, and the plaintiff does not sue as owner of the reversion. The plaintiff had no estate in possession during the life of his mother, unless he received one from her. No evidence appears in the exceptions which would warrant the jury in finding that he had become a tenant in possession of any part of the premises. He seems to have occupied by the permission or at the request of his mother, but " without any express agreement as to his occupation thereof." The evidence does not tend to show that there was any agreement, express or implied, between him and his mother, whereby he acquired the estate of a tenant at will. *Judgment on the verdict.*