JAMES A. HEALEY *et al. vs.* ALICE KELLEY.

PROVIDENCE—DECEMBER 1, 1899.

PRESENT: Matteson, C. J., Stiness and Tillinghast, JJ.

(1) *Pleading and Practice at Law. Form of Action. Injury to Reversion. Damages. Evidence.*

In an action on the case for the obstruction of a way appertaining to the estate of the plaintiff in the occupation of his tenants, in the absence of a special count in the declaration for loss of rents, the plaintiff is entitled to recover only for injuries in their nature permanent and which affect the reversion.

In the absence of a special count in the declaration for loss of rents, evidence offered to show damage resulting from such loss is inadmissible.

TRESPASS ON THE CASE for the obstruction of a way. The facts are sufficiently stated in the opinion. Heard on petition of defendant for a new trial. New trial granted.

(1)    PER CURIAM. The action is trespass on the case for the obstruction of a way appertaining to the estate of the plaintiffs. The testimony shows that the estate was in the occupation of the tenants of the plaintiffs during the entire period

subsequent to the obstruction of the way and the bringing of the suit. The testimony offered on the part of the plaintiffs as to damages was limited to loss of rents and to the inconvenience suffered by the plaintiffs and their agent in visiting the premises. The declaration contained no special count for loss of rents ; and inasmuch as the estate was in the possession of the tenants, who were entitled to sue for damages for injury to the possession, the plaintiffs were entitled to recover only for injuries which were in their nature permanent and which affected the reversion. As no evidence of such injuries was given, and as the declaration contained no special count for loss of rents, the verdict was against the law and cannot be sustained. *Dutro* v. *Wilson,* 4 O. St. 101 ; *Cooper* v. *Randall,* 59 Ill. 317 ; *Hopwood* v. *Schofield,* 2 Moody & Robinson, 34 ; *Kimball* v. *Macintosh,* 134 Mass. 362 ; 1 Sedg. Dam. 7 ed. 235, note ; 1 Tayl. L. & T. § 173.

New trial granted, and case remitted to the Common Pleas Division for further proceedings.